1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MATT A. FERRANDO,                    No. 2:13-CV-0842-CMK

12              Plaintiff,

13        vs.                             <u>ORDER</u>

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                Defendant.
16   _____ /

17              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19   Pending before the court is plaintiff's motion to remand (Doc. 18).

20        **I.  BACKGROUND**

21              This action seeks review of the Commissioner's 2013 denial of benefits.

22   However, the procedural history of plaintiff's request for benefits is more complex.  Plaintiff has

23   filed a total of three[1] applications for benefits.  His original application was filed in 2001.  This

24   application was denied by Administrative Law Judge (ALJ) Fong on October 27, 2003, and no

25   _____

26        [1]        Plaintiff's third application was filed in 2008, and was granted.

                                            1

1    judicial review was requested.  That denial of benefits is therefore final, and not at issue in this

2    case.  Plaintiff then applied for benefits again on September 15, 2004, alleging a date of disability

3    in February 2001.  This second application was denied by ALJ Ramsey after hearing.  Plaintiff

4    filed a request for judicial review in this court regarding ALJ Ramsey's denial, case number

5    08cv2470-FCD-CMK.

6              In plaintiff's challenge to ALJ Ramsey's denial of benefits as to his second

7    application, case number 08cv2470-FCD-CMK, plaintiff originally moved for an order

8    remanding that case under sentence six, for further development arguing the administrative

9    record was deficient for failure to include an argument by attorney Manuel Garcia and the

10   exhibits relied on by the ALJ from plaintiff's previous claim.  The motion to remand was denied,

11   and plaintiff was ordered to prosecute this action by filing a motion for summary judgment.

12   Plaintiff continued to argue for remand, but the court reviewed the ALJ's opinion, found no error

13   and affirmed the Commissioner's denial of benefits.  Plaintiff appealed that decision to the Ninth

14   Circuit Court of Appeals.  The Ninth Circuit determined[2] ALJ Ramsey erred in his treatment of

15   the medical opinions, reversed and remanded the case back to this court with directions to

16   remand the case for the Commissioner to re-evaluate the record and determine when plaintiff's

17   mental impairments became so severe as to render him disabled.  The Ninth Circuit specifically

18   expressed an opinion that it expected "the Commissioner to determine [plaintiff's] mental

19   impairments became so severe as to render him disabled . . . after April 2005, and before July 27,

20   2007."  See Ferrando v. Comm'r, 449 Fed. Appx. 610, 612 (2011).  On remand, ALJ Villere held

21   a new hearing, and found plaintiff disabled, with an onset of disability of October 28, 2003,

22   which the court notes is well before the Ninth Circuit's expected date of onset.  Plaintiff then

23   filed this action, requesting judicial review of that determination, and seeking a determination of

24   ───────────────

25          [2]      Plaintiff also argued on appeal that the record was incomplete as not including the
     evidence ALJ Fong relied upon.  The Ninth Circuit did not address that argument in its opinion
26   remanding the case for further proceedings, and did not direct the Commissioner to include the
     evidence supporting the prior denial, including the medical records ALJ Fong relied on.

1  an earlier date of onset.

2      **II.  MOTION**

3          Here, again in lieu of filing a motion for summary judgment specifically

4  addressing any potential errors in the ALJ's opinion, plaintiff chose to file a motion for remand.

5  Plaintiff is again requesting the court remand this case back to the Commissioner for further

6  development of the record, contending the record is incomplete.  Specifically, plaintiff argues the

7  record is incomplete, missing evidence material to a determination of an earlier onset date of

8  benefits.  The alleged missing evidence is the July 9, 2003, hearing transcript before ALJ Fong,

9  and relevant records from plaintiff's initial application, the evidence supporting the

10  Commissioner's 2003 determination of no disability.   He argues that evidence should have been

11  included in the Certified Administrative Record (CAR) filed in this case.  He states that the ALJ

12  had a duty to further develop the record by including all of the medical records supporting ALJ

13  Fong's prior determination, including a hospitalization records regarding an alleged onset date

14  back to 2001.

15          Defendant opposes remand in this case, as the information plaintiff seeks to

16  include in the record relates to a prior application that was denied and is no longer subject to

17  review.  The evidence supporting a prior claim is not considered in any subsequent claim, thus

18  the Commissioner was not required to include all of the evidence supporting the prior ALJ

19  decision.  Once a final agency decision of nondisability has issued, there is a presumption of

20  continuing nondisability that the plaintiff has the burden to overcome with evidence showing a

21  change in his condition.  He has not done so here.

22          Plaintiff counters that a remand "is proper because the medical evidence of record

23  presented at [his] first hearing . . . is new and material evidence because it was not considered at

24  the hearing on remand, despite a prior reopening of that first application."  (Plaintiff's Reply,

25  Doc. 21, at 1).  He contends that the Commissioner was required to consider the evidence

26  supporting the ALJ's decision on his 2001 application, because that application was reopened by

3

1   ALJ Ramsey during the 2007 hearing on his 2004 application.  Specifically, plaintiff contends

2   because ALJ Ramsey heard plaintiff's testimony dating back to 2001, and discussed his mental

3   capacity dating back to 2001, he implicitly reopened the old application.

4          **III.  DISCUSSION**

5              An unappealed denial of an application for disability benefits operates as res

6   judicata as to the finding of non-disability.  See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir.

7   1988); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988).  The prior determination of non-

8   disability also creates a presumption of continuing non-disability.  See Lester v. Chater, 81 F.3d

9   821, 827 (9th Cir. 1995).  The presumption does not apply, however, if there are changed

10  circumstances.  See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985).  Thus, the presumption

11  of continuing non-disability may be overcome by a showing of new facts establishing a

12  previously unlitigated impairment.  See Lester, 81 F.3d at 827-28; see also Gregory, 844 F.2d at

13  666.  The attainment of advanced age after the prior decision also constitutes a changed

14  circumstance overcoming the presumption of continuing non-disability.  See Chavez, 844 F.2d at

15  693.

16             In addition, the Commissioner does have the ability to reopen a claim.  See C.F.R.

17  § 404.987.  A decision may be reopened within 12 months for any reason, within four years upon

18  a finding of good cause, or anytime if, *inter alia* it was obtained by fraud or similar error.  See

19  C.F.R. § 404.988.  Good cause for reopening a determination includes new and material

20  evidence, correcting a clerical error, or the evidence considered clearly shows on its face that an

21  error was made.  See C.F.R. § 404.989(a).  However, good cause will not be found "if the only

22  reason for reopening is a change of legal interpretation or administrative ruling upon which the

23  determination or decision was made."  C.F.R. § 404.989(b).  The claimant may request a prior

24  decision be reopened, or the Commissioner may decide to reopen a final decision without a

25  specific request.  See C.F.R. § 404.987.  If such a decision is made, the Commissioner notifies

26  the parties in writing.  See C.F.R.§ 404.992.

4

1    However, there are some courts who have determined that the Commissioner can

2    imply a de facto reopening of a prior claim, "where the Commissioner considers 'on the merits'

3    the issue of the claimant's disability during the already-adjudicated period." Lester v. Chater, 81

4    F.3d 821, 827 n. 3, Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988).

5    Here, plaintiff contends ALJ Ramsey reopened his prior claim based on the

6    testimony he accepted at the 2007 hearing, and his discussion "on the merits" of his claim dating

7    back to 2001.  However, as defendant argues, the 2007 decision by ALJ Ramsey was vacated

8    when this case was remanded.  It is not at all clear to the undersigned, even if that opinion had

9    not been vacated, that in fact ALJ Ramsey reopened plaintiff's prior claim.  There is no

10   indication that plaintiff requested such an opening, and while not specifically necessary, there

11   also does not appear to be any grounds for such a reopening to have occurred.  ALJ Ramsey held

12   the administrative hearing in 2007, and issued his opinion in 2007.  ALJ Fong issued her opinion

13   in 2003.  Certainly more than one year occurred between the two opinions, indeed almost four

14   years had passed.  Within four years after a decision, the Commissioner may reopen a prior

15   determination if there is new and material evidence, or the evidence used in the prior decision

16   clearly shows on its face that an error was made.  The undersigned does not find either of those

17   reasons for reopening to be present in this case.  In addition, after ALJ Ramsey's decision was

18   vacated, ALJ Villere held a new administrative hearing and issued a revised decision, which

19   became the final decision on plaintiff's 2004 application.  Plaintiff's reliance on ALJ Ramsey's

20   decision is misplaced.

21   ALJ Villere specifically discussed ALJ Fong's prior determination, and stated that

22   the presumption of continuing nondisability applied, which plaintiff was required to rebut.  (CAR

23   316).  He then determined that presumption did not apply, that the medical expert opinion

24   indicated an increase in the severity of plaintiff's impairments beginning in October 2003, which

25   allowed plaintiff to rebut the presumption of continuing nondisability.  (CAR 317).  In addition,

26   one of ALJ Villere's specific findings was the prior residual functional capacity finding was

1    required to be applied to the period prior to October 28, 2003, since no evidence had been

2    submitted which rebutted the ALJ's finding that plaintiff retained the residual functional capacity

3    from his alleged date of onset up through the date of that prior decision, October 27, 2003.

4    (CAR 318).  Therefore, even if ALJ Ramsey had entertained the idea of reopening plaintiff's

5    prior claim, that opinion was vacated and is no longer the controlling opinion.  Instead ALJ

6    Villere's January 29, 2013, opinion is the controlling opinion, and he specifically determined the

7    prior claim to be closed and had not been rebutted.

8            In fact, the record indicates that plaintiff only requested ALJ Villere reopen his

9    prior claim in December 2012. (CAR 508).  No such request appears to have been submitted to

10   ALJ Ramsey.  ALJ Villere did agree at the hearing to take a look at plaintiff's request to include

11   the prior medical records and submit the information to the medical expert if he determined it

12   was necessary.  (CAR 738).  There is no indication in the record that he did so.  The lack of

13   additional interrogatories to the experts, and the ALJ's written opinion that plaintiff failed to

14   rebut the prior findings, all indicate that the ALJ declined to reopen plaintiff's prior claim.

15           Therefore, the undersigned finds ALJ Villere, whose opinion is now controlling

16   on plaintiff's September 15, 2004, application, did not reopen plaintiff's prior claim, de facto or

17   otherwise.  Plaintiff's prior claim, the October 27, 2003, denial, operates as a determination of

18   non-disability, creating a presumption of continuing non-disability.  See Lester v. Chater, 81 F.3d

19   821, 827 (9th Cir. 1995).  ALJ Villere specifically found that plaintiff failed to provide evidence

20   to rebut the prior ALJ's finding.  (CAR 318).  Thus, there are no grounds to remand this action

21   back to the Commissioner.

22           **IV.  CONCLUSION**

23           The court's scheduling order directs plaintiff may prosecute this action in one of

24   two ways.  First, plaintiff was to file a motion for summary judgment and/or remand after being

25   served with a copy of the administrative record.  Alternatively, if plaintiff has *new* evidence

26   outside the evidentiary record, plaintiff may submit the new evidence with a request for voluntary

remand to the Social Security Administration.  If no voluntary remand agreement is reached, plaintiff was directed to file a motion for summary judgment and/or remand in this court.  (See Order, June 10, 2013, Doc. 6).  Plaintiff filed a motion for remand, and chose not to file a motion for summary judgment.  As the motion for remand is denied, this case is now complete.  Given that this same issue was previously addressed in plaintiff's prior case, the court finds no reason to keep this action open.  The prior claim denial bars any finding of a date of disability prior to October 27, 2003.  The current opinion granted plaintiff's application, with a finding that he was disabled as of October 28, 2003.  No further finding from this court could provide him with an earlier date of onset.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for remand (Doc. 18) is denied;

2.      The Clerk of the Court is directed to close this case.

DATED:  March 25, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE